Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| ROBERTO RIVERA SANTOS Y ASHLEE ANN DÍAZ ALEJANDRO<br><br>Recurrentes<br><br>v.<br><br>DEPARTAMENTO DE LA FAMILIA<br><br>Recurrida | KLRA202400472 | *Revisión* procedente de la Junta Adjudicativa del Departamento de la Familia Región de Humacao<br><br>Caso Núm.:<br>2023 PPAN 00048<br>2023 PPAN 00049<br><br>Sobre:<br>RECLAMACIÓN |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece Roberto Rivera Santos (señor Rivera Santos) y Ashlee Ann Díaz Alejandro (señora Díaz Alejandro y en conjunto, recurrentes), mediante un recurso de revisión intitulado *Recurso de revisión conjunta.* En un mismo recurso apelativo: (i) el señor Rivera Santos nos solicita la revisión de una *Resolución,* notificada el 10 de mayo de 2024, por la Junta Adjudicativa del Departamento de la Familia (en adelante, Junta Adjudicativa) en el caso 2023 PPAN 00049; mientras que, (ii) la señora Díaz Alejandro nos solicita la revisión de una *Resolución,* notificada también por la Junta Adjudicativa, pero en el caso 2023 PPAN 00048. En la *Resolución* recurrida por el señor Rivera Santos, la Junta Adjudicativa confirmó la acción que le fue notificada a este por la Administración de Desarrollo Socioeconómico de la Familia (ADSEF), del Departamento de la Familia Oficina Regional de Humacao, de que recibió beneficios pagados en exceso, por la suma de $3,691.00 dólares.[1] Por su parte,

---
[1] Apéndice del recurso, a las págs. 53-56.

Número Identificador

SEN2024_____

en la *Resolución* recurrida por la señora Díaz Alejandro, la Junta Adjudicativa confirmó la acción que le fue notificada a este por la ADSEF, del Departamento de la Familia Oficina Regional de Humacao, de que recibió beneficios pagados en exceso, por la suma de $5,543.00 dólares.[2]

Por los fundamentos que expondremos, se *desestima* el recurso de revisión ante nos por falta de jurisdicción.

I

A los fines de atender el recurso ante nos, es menester señalar que los recurrentes presentaron ante la Junta Apelativa del Departamento de la Familia dos (2) apelaciones independientes, las cuales, a su vez, fueron resueltas mediante dos (2) resoluciones distintas, una en cada caso en cuestión. Luego, ante su inconformidad con el dictamen recibido, los recurrentes presentaron, de manera conjunta, un solo recurso de revisión judicial ante nos. Es por lo anterior que, para un cabal entendimiento, distinguiremos los asuntos objeto de la revisión judicial ante nos, y solo reseñaremos aquellos hechos procesales estrictamente necesarios para disponer del presente recurso.

## A. Apelación Núm. 2023 PPAN 00049

De los autos ante nuestra consideración, se desprende que el señor Rivera Santos presentó una solicitud de apelación ante la Junta Adjudicativa en el alfanumérico que antecede. Posteriormente, y luego de recibir el Informe de la Oficial Examinadora, mediante *Resolución* notificada el 10 de mayo de 2024,[3] la Junta Adjudicativa confirmó la acción notificada al señor Rivera Santos por ADSEF, por lo que dispuso que este recibió la suma de $3,691.00 dólares en beneficios pagados en exceso. Inconforme, el 28 de junio de 2024, el señor Rivera Santos suscribió

---

[2] Apéndice del recurso, a las págs. 66-68.
[3] *Íd.*, a las págs. 53-56.

una solicitud de reconsideración,[4] recibida en la Junta Adjudicativa el 1 de julio de 2024.[5] En respuesta, mediante *Resolución,* emitida el 2 de julio de 2024, notificada el 25 de julio de 2024, la Junta Adjudicativa denegó la solicitud de reconsideración.[6]

### B. Apelación Núm. 2023 PPAN 00048

De los autos ante nuestra consideración, se desprende que la señora Díaz Alejandro presentó también una solicitud de apelación ante la Junta Adjudicativa en el alfanumérico que antecede. Posteriormente, y luego de recibir el Informe de la Oficial Examinadora, mediante *Resolución* notificada el 10 de mayo de 2024,[7] la Junta Adjudicativa confirmó la acción notificada a la señora Díaz Alejandro por ADSEF, por lo que dispuso que esta recibió la suma de $5,543.00 dólares en beneficios pagados en exceso. Inconforme, el 25 de junio de 2024, la señora Díaz Alejandro presentó una solicitud de reconsideración.[8] En respuesta, mediante *Resolución,* emitida el 25 de junio de 2024, notificada el 11 de julio de 2024, la Junta Adjudicativa denegó la solicitud de reconsideración.[9] Posteriormente, el 15 de julio de 2024, la señora Díaz Alejandro suscribió una *Segunda moción de reconsideración,* la cual fue presentada el 16 de julio de 2024.[10] De los autos ante nos, no se desprende que la misma hubiese sido atendida.

---

[4] Apéndice del recurso, a las págs. 69-75. En el referido escrito, el señor Rivera Santos arguyó que la *Resolución* sobre la cual solicitaba la reconsideración le fue notificada el 5 de junio de 2024. Puntualizamos que del apéndice del recurso no surge documento alguno que acredite el referido particular.

[5] Apéndice del recurso, a la pág. 78.

[6] *Íd.*, a las págs. 78-79.

[7] *Íd.*, a las págs. 66-68.

[8] Apuntamos que, la solicitud de reconsideración no se incluyó en el apéndice del recurso ante nuestra consideración. No obstante, se desprende de la *Resolución en reconsideración* emitida el 25 de junio de 2024, por la Junta Apelativa que, la señora Díaz Alejandro presentó una solicitud de reconsideración el 25 de junio de 2024.

[9] Apéndice del recurso, a las págs. 76-77.

[10] *Íd.*, a las págs. 80-86. En este escrito, la señora Díaz Alejandro adujo que la *Resolución* recurrida fue emitida el 10 de mayo de 2024, pero notificada el 5 de junio de 2024. Puntualizamos que del apéndice del recurso no surge documento alguno que acredite el referido particular.

En desacuerdo, el 23 de agosto de 2024, los recurrentes presentaron un recurso de revisión intitulado *Recurso de revisión conjunta* en el cual esgrimieron la comisión de dos (2) errores.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[11] este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho. En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *revisión* ante nos. A tenor, procederemos a exponer el derecho aplicable al presente recurso.

II

**A. Falta de jurisdicción**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[12] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela.[13] Es norma reiterada en nuestro ordenamiento, que: "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[14] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[15] De manera que, deben ser resueltas con preferencia, pues inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[16] Por tal motivo, cuando

---

[11] 4 LPRA Ap. XXII-B, R.7 (B)(5).
[12] *R&B Power, Inc. v. Junta de Subasta ASG,* 2024 TSPR 24, 213 DPR ___ (2024); *AAA v. UIA,* 199 DPR 638, 651-52 (2018).
[13] *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016).
[14] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).
[15] *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[16] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).

un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[17] De lo contrario, cualquier dictamen en los méritos será nulo y no se podrá ejecutarse.[18] Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por lo tanto, inexistente.[19]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[20] confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Presentación de recursos conjuntos

La Regla 17 del Reglamento del Tribunal de Apelaciones permite la presentación de apelaciones conjuntas o consolidadas, como un método para facilitar la solución de controversias.[21]  Sobre este particular, la referida regla indica lo siguiente:

> Si dos o más personas tuvieren derecho a apelar una sentencia y sus derechos fueren tales que la acumulación fuere factible, podrán presentar un escrito de apelación conjunto y podrán comparecer subsiguientemente como una sola parte apelante. Las apelaciones de una sentencia podrán ser consolidadas por orden del Tribunal de Apelaciones, expedida por iniciativa propia, a solicitud de parte o por estipulación de quienes sean partes en distintas apelaciones.[22]

En cuanto a las *apelaciones conjuntas*, es menester resaltar que las mismas no están sujetas a la autorización del Tribunal, sin embargo, están limitadas al cumplimiento estricto de tres (3) requisitos: (i) que hayan dos o más personas que tengan derecho a apelar; (ii) lo que se pretende apelar es una misma sentencia, y (iii) que la acumulación procedería de acuerdo a los derechos de las

---

[17] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[18] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).
[19] *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).
[20] 4 LPRA Ap. XXII-B, R. 83 (C).
[21] *M-Care Compounding et al. v. Depto. Salud*, 186 DPR 159, 170 (2012).
[22] 4 LPRA Ap. XXII-B, R. 17.

partes.[23] Es decir, las personas interesadas en utilizar este mecanismo deben acudir de una misma sentencia y tener la potestad de apelar el dictamen. De manera que no se podrán acumular apelaciones de más de un dictamen. A su vez, las partes no deben tener posiciones antagónicas o incompatibles que impidan acumular sus derechos.[24]

Ahora bien, las *apelaciones consolidadas* no están limitadas a apelaciones de una misma sentencia. No obstante, este mecanismo si requiere la autorización del Tribunal, la cual se podrá otorgar por iniciativa propia, cuando una parte lo solicite, o si las partes así lo estipularon en las distintas apelaciones. Previo a autorizar la consolidación, el Tribunal debe auscultar, caso a caso, si la misma ". . . promueve la buena administración de la justicia, la aceleración en la resolución de disputas y la reducción en los costos de la litigación". Ello, puesto que es el tribunal quien está en mejor posición para determinar cuáles casos necesitan ser consolidados.[25]

Por su parte, la Regla 80.1 del Tribunal de Apelaciones faculta a este foro a consolidar todo tipo de dictámenes, no solo sentencia, con el fin de atenderlos simultáneamente.[26] La antedicha regla establece:

> Los recursos sobre una sentencia, orden o resolución podrán ser consolidados por Orden del Tribunal de Apelaciones expedida por iniciativa propia o a solicitud de parte.[27]

Ahora bien, la consolidación de recursos, al igual que las *apelaciones consolidadas,* está supeditada a la autorización del Tribunal, la cual, a su vez, estará sujeta a una evaluación de las circunstancias particulares del caso. Aunque el Reglamento del

---

[23] *M-Care Compounding et al. v. Depto. Salud,* supra, a la pág. 171. (Citas omitidas).
[24] *Íd.,* a la pág. 171.
[25] *Íd.,* a la pág. 172
[26] *Silva Barreto v. Tejada Martell,* 199 DPR 311, 316-317 (2017).
[27] 4 LPRA Ap. XXII-B, R. 81.1.

Tribunal de Apelaciones no contempla la posibilidad de presentar recursos conjuntos sobre ordenes o resoluciones, el Tribunal Supremo resolvió que, por analogía, se podían extender las disposiciones de la Regla 17 a otros recursos. No obstante, únicamente se contempla la extensión de la aludida regla para aquellos recursos en los cuales se recurre de un mismo dictamen.[28] En mérito de lo anterior, nuestro Alto Foro explicó que:

> . . .no se pueden presentar recursos conjuntos para revisar resoluciones administrativas de casos diferentes. Cada resolución tiene que revisarse mediante la presentación de un recurso de revisión por separado y con la cancelación de los respectivos aranceles. Una vez presentados los recursos, el Tribunal de Apelaciones puede motu proprio o a solicitud de parte, ordenar la consolidación de estos.
>
> [...].[29]

### C. Términos para acudir en revisión judicial

El Tribunal Supremo de Puerto Rico ha sostenido que el derecho a cuestionar la determinación de una agencia, mediante revisión judicial, es parte del debido proceso de ley protegido por la Constitución de Puerto Rico.[30] El artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico[31] otorga competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas.[32] La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable.[33] Ahora bien, para que el Tribunal de Apelaciones pueda ejercer su facultad revisora, la parte peticionaria debe presentar su recurso de revisión judicial

---

[28] *Silva Barreto v. Tejada Martell,* supra, a la pág. 317.
[29] *M-Care Compounding et al. v. Depto. Salud,* supra, a la pág. 182.
[30] *Asoc. Condómines v. Meadows Dev.,* 190 DPR 843, 847 (2014); *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010).
[31] Ley Núm. 201-2003, 4 LPRA sec. 24y(c).
[32] *Asoc. Condómines v. Meadows Dev.,* supra, a la pág. 847.
[33] *Empresas Ferrer v. A.R.Pe.,* 172 DPR 254, 264 (2007).

en el término jurisdiccional de treinta (30) días, conforme dispone la su Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (en adelante, LPAUG). La referida sección provee que este plazo comienza a partir de la fecha en que se archive en autos la notificación de la resolución, o desde la fecha en que se interrumpa ese término mediante la oportuna presentación de una moción de reconsideración, según dispone la Sección 3.15 de la LPAUG.[34] Por otra parte, la aludida Sección 4.2 aclara que, si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.[35]

Precia señalar que una parte adversamente afectada por una resolución u orden parcial o final de una agencia puede optar por solicitarle a la agencia que reconsidere su determinación, previo a acudir en revisión judicial. La parte promovente tendrá veinte (20) días, desde la fecha de archivo en autos de la notificación de la resolución u orden, para presentar una moción de reconsideración. De ahí, la agencia contará con quince (15) días para considerar la antedicha solicitud. Ahora bien, si la agencia rechaza acoger la reconsideración o no actúa dentro de los referidos quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique la denegatoria o desde que expiren el aludido termino. Sin embargo, si la agencia concernida determina acoger la solicitud de reconsideración, el término para solicitar revisión judicial se contará desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Es menester enfatizar

---

[34] Ley Núm. 38-2017, 3 LPRA secs. 9655 y 9672. Véase, además, Regla 57 del Reglamento de Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.57.
[35] Ley Núm. 38-2017, *supra,* 3 LPRA sec. 967.

que la agencia deberá emitir y archiva en autos la aludida resolución dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. De lo contrario, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración del término de noventa (90) días. No obstante lo anterior, por justa causa y dentro de esos noventa (90) días, la agencia en cuestión, puede prorrogar el término para resolver por un período que no excederá de treinta (30) días adicionales.[36]

Si un recurso de revisión judicial se presenta en el Tribunal de Apelaciones luego de los términos antes reseñados, este foro carecerá de autoridad para acogerlo. Lo anterior, debido a que, un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción.[37] Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico.[38] Así, pues, el aludido foro se verá forzado a desestimar el recurso por falta de jurisdicción por tardío. Ello, privará fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro.[39]

### D. Documentos que acompañan al recurso

Sabido es que la marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Como axioma de ese principio, es norma conocida por toda la profesión legal en Puerto Rico que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial.[40] En ese sentido, las normas que rigen el

---

[36] Ley Núm. 38-2017, *supra,* 3 LPRA sec. 9655.
[37] *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).
[38] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).
[39] *Yumac Home v. Empresas Massó*, a la pág. 117.
[40] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987).

perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente.[41]

En lo concerniente a la revisión de decisiones administrativas, la Regla 59 del Reglamento del Tribunal de Apelaciones dispone en lo relativo a la presentación y notificación del recurso de revisión. En lo pertinente, el inciso E requiere que el Apéndice contenga una copia literal de "[t]oda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.[42]

Con respecto a los apéndices incompletos, nuestro más Alto Foro expresó que generalmente se ha movido a desestimar recursos por tener apéndices incompletos cuando esa omisión no permite penetrar en la controversia o constatar la jurisdicción.[43]

III

Bajo el crisol doctrinario reseñado, indicamos que la jurisdicción constituye materia privilegiada.[44] Por ello, las cuestiones relacionadas a la competencia del tribunal deben ser resueltas con preferencia, dado a que si un tribunal carece de jurisdicción no puede hacer más que, así, declararlo y desestimar la reclamación sin entrar en sus méritos.[45] Tras una minuciosa evaluación de los autos ante nuestra consideración, juzgamos que no tenemos jurisdicción para atender el presente recurso. Veamos.

Mediante un mismo recurso de revisión, las partes del título solicitaron la revisión de dos (2) resoluciones emitidas por la Junta Adjudicativa en dos (2) casos administrativos distintos. Conforme subrayamos, la presentación de recursos conjuntos no está

---

[41] *UGT v. Centro Médico del Turabo, Inc.*, 208 DPR 944, 957 (2022); *Isleta v. Inversiones Isleta Marina, Inc.*, 203 DPR 585, 590 (2019). *Rojas v. Axtmayer Ent., Inc.* 150 DPR 560, 564 (2000).

[42] 4 LPRA Ap. XXII-B, R. 59 (E) (d).

[43] *Vázquez Figueroa v. E.L.A.*, 172 DPR 150, 155 (2007).

[44] *R&B Power, Inc. v. Junta de Subasta ASG,* supra.

[45] 4 LPRA Ap. XXII-B, R. 83; *Torres Alvarado v. Madera Atiles,* supra, a la pág. 500; *Fuentes Bonilla v. ELA et al.*, supra, a la 372.

permitida por el ordenamiento jurídico vigente. Si las partes interesaban que esta Curia evaluara los referidos dictámenes debieron de presentar para cada resolución un recurso de revisión por separado y cancelar los referidos aranceles. De ahí, y de así interesarlo podían presentar una solicitud a los fines de que este Tribunal evaluara la posibilidad de consolidar los recursos, de proceder bajo el marco jurídico vigente.[46] En vista de lo acaecido, es forzoso desestimar este recurso por falta de jurisdicción.

Precisa destacar que, si las partes hubiesen solicitado la revisión de los dictámenes ante nuestra consideración por separado, aun así, no tendríamos jurisdicción. Nos explicamos.

Según consta de los autos ante nuestra consideración, la *Resolución* emitida en el alfanumérico **2023 PPAN 00049** fue notificada el 10 de mayo de 2024, de modo que, si el señor Rivera Santos interesaba presentar una solicitud de reconsideración, debió hacerlo en o antes del 30 de mayo de 2024. Sin embargo, la presentó el 28 de junio de 2024. Es decir, fuera de término. Ello, así, la solicitud de reconsideración no interrumpió el término para acudir ante este foro en revisión judicial, por lo que este comenzó a transcurrir el 30 de mayo de 2024, y expiró el 10 de junio de 2024. Este recurso se presentó el 23 de agosto de 2023, de manera que coincidimos en que, aun si se hubiese presentado de forma separada, como correspondía, la revisión de la *Resolución* emitida en el alfanumérico **2023 PPAN 00049**, fue radicada ante esta Curia luego de más de dos (2) meses de expirar el término de treinta (30) días dispuesto por la LPAUG.[47]

En cuanto a la *Resolución* emitida en el caso de la señora Díaz Alejandro, en el alfanumérico **2023 PPAN 00048,** conforme reflejan

---

[46] 4 LPRA Ap. XXII-B, R. 81.1; *M-Care Compounding et al. v. Depto. Salud*, supra, a la pág. 182.
[47] Véase, Ley Núm. 38-2017, *supra*, secs. 9655 y 9672.

los autos, esta igualmente fue notificada el 10 de mayo de 2024, por lo que la señora Díaz Alejandro, también, tenía hasta el 30 de mayo de 2024, para presentar una solicitud de reconsideración. No obstante, la presentó el 25 de junio de 2024. Es decir, la presentó de manera tardía. Así, pues, la referida reconsideración no tuvo el efecto de interrumpir el término para acudir a esta Curia, por lo que este expiró el 10 de junio de 2024. Más aún, el 16 de julio de 2024, la señora Díaz Alejandro, presentó una improcedente *Segunda moción de reconsideración,* luego de que la Junta Adjudicativa determinara no acoger la primera solicitud de reconsideración presentada por esta. Justipreciamos que esta segunda reconsideración tampoco tuvo el efecto de interrumpir el término para acudir ante este foro. Además, la presentación de una segunda solicitud de reconsideración es contrario a derecho.[48]

Añadimos que, aunque la Junta Adjudica emitió una *Resolución* separada en cada uno de los alfanuméricos, disponiendo no acoger las solicitudes de reconsideración, este dictamen lo hizo sin jurisdicción, ya que como detallamos anteriormente, la partes solicitaron reconsideración fuera del término de veinte (20) días que dispone la LPAU. Por consiguiente, los dictámenes emitidos por la Junta Adjudicativa tampoco tuvieron el efecto de interrumpir para acudir en revisión judicial.[49]

Por último, cabe resaltar, que la señora Díaz Alejandro alega que, aunque la *Resolución* emitida en el alfanumérico **2023 PPAN 00048** fue emitida por la Junta Adjudicativa el 10 de mayo de 2024, esta fue notificada el 5 de junio de 2024. Si tomáramos su alegación como un hecho cierto, entonces, la señora Díaz Alejandro presentó la primera solicitud de reconsideración de forma oportuna. Ahora bien, ni la solicitud de reconsideración, ni documento alguno que

---

[48] Véase, Ley Núm. 38-2017, *supra,* secs. 9655 y 9672.
[49] *Íd.,* 3 LPRA sec. 9655.

acredite que la notificación de las resoluciones emitidas el 10 de mayo de 2024, fueron notificadas en la fecha alegada por los recurrentes, consta de los autos ante nuestra consideración. Sabido es que el Reglamento del Tribunal de Apelaciones requiere que los apéndices de los recursos contengan "[t]oda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión".[50] De lo contrario, esta Curia tendrá la facultad para desestimar el recurso ya que no puede constatar la jurisdicción.[51] Ahora bien, y para finalizar, aun si los susodichos documentos se hubiesen presentado, por todo lo anterior, colegimos que este Tribunal no cuenta con jurisdicción por lo que procede desestimar el recurso ante nos.

IV

Por los fundamentos que anteceden, se *desestima* el recurso de revisión por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[50]  4 LPRA Ap. XXII-B, R. 59 (E) (d).
[51]  *Vázquez Figueroa v. E.L.A.*, 172 DPR 150, 155 (2007).